IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA LUMPKIN, | ) | Case No. 1:20-CV-1849 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |
| | ) | |

On August 19, 2020, plaintiff, Patricia Lumpkin ("Lumpkin"), filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). ECF Doc. 1. The Court referred the case to Magistrate Judge Carmen E. Henderson for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b). Magistrate Judge Henderson recommends that the Court affirm the decision of the Commissioner. Lumpkin's objection asserts that the administrative law judge's ("ALJ's") residual functional capacity ("RFC") determination was not supported by substantial evidence.

The Court has reviewed the record, the briefings, the R&R and Lumpkin's objection. ECF Doc. 18. Because the Commissioner's decision to deny SSI and DIB was supported by substantial evidence, the Court overrules Lumpkin's objections and adopts the Magistrate

Judge's R&R. Accordingly, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**I. Background**

Ms. Lumpkin filed an application for SSI and DIB on November 22, 2017, alleging a disability onset date of October 20, 2009. Her claims were denied initially and upon reconsideration. She then requested a hearing before an administrative law judge. ECF Doc. 12 at 14. Ms. Lumpkin (represented by counsel), and a vocational expert ("VE") testified at a hearing before the ALJ on May 20, 2019. ECF Doc. 13 at 35. On June 11, 2019, the ALJ found Ms. Lumpkin not disabled in a written decision. ECF Doc. 12 at 263.

Of relevance here, the ALJ determined that Lumpkin could "perform light work as defined in 20 CFR 416.967(b) except the claimant can frequently operate right foot controls; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; never be exposed to unprotected heights, moving mechanical parts, or operate a motor vehicle; frequently be exposed to extreme cold; limited to performing simple, routine, and repetitive tasks, but not at a production pace (i.e. assembly line work); limited to simple work related decisions in using her judgment and dealing with changes in the work setting; and able to frequently interact with supervisors, coworkers, and the public." ECF Doc. 12 at 19.

The Appeals Council denied Ms. Lumpkin's request for review, making the hearing decision the final decision of the Commissioner. ECF Doc. 12 at 5. Ms. Lumpkin timely filed this action on August 19, 2020. ECF Doc. 1.

## II. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec*., 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin*., 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as

it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

## III. Law & Analysis

Lumpkin objects to Magistrate Judge Henderson's R&R because she found there was substantial evidence to support the ALJ's decision that Lumpkin was capable of performing work at the light exertional level. Lumpkin argues that she was not capable of performing "light" work. In support of her argument, Lumpkin cites an October 2018 MRI report showing

that she had severe end-stage osteoarthritis in her right hip. ECF Doc. 12 at 816. She contends that this objective evidence, coupled with her own testimony, showed that she was *not* capable of performing work at the light exertional level. ECF Doc. 18.

Lumpkin further argues that the ALJ's reliance on the opinions of the state agency consultants was misplaced because their opinions were formed before the October 2018 MRI showing end stage osteoarthritis in her right hip. She also contends that the ALJ failed to consider Lumpkin's treating physician's opinion that she could only stand for 20 minutes and walk for 10. ECF Doc. 12 at 544. If the ALJ had accepted these limitations, work at the full range of the light exertional level would have been precluded because "light" work includes being able to stand or walk for approximately 6 hours of an 8-hour workday. SSR 83-10, 1983 SSR LEXIS 30 at *13; 20 C.F.R. §404.1567.

At the outset, the Court notes that Lumpkin's treating physician, Dr. Astley, did not prepare a formal opinion. Lumpkin cites Dr. Astley's September 2016 treatment notes[1] in which he documented that Lumpkin's "duration for standing is 20 minutes, sitting is unremarkable, and walking is 10 minutes." But Dr. Astley's treatment notes only reflect Lumpkin's own account of her physical abilities. There is no indication that Dr. Astley conducted testing and/or formed his own opinion about Lumpkin's functional abilities. Indeed, in describing Dr. Astley's September 2016 treatment notes, Lumpkin's brief states that she had "related" that she could stand for 20 minutes, walk for 10 minutes, and her sitting was unremarkable. ECF Doc. 13 at 2. Thus, it does not appear that this was actually Dr. Astley's opinion. Rather, it appears that Lumpkin told Dr. Astley that these were her functional abilities, and he recorded them in his notes.

[1] The Court also notes that, like the opinions of the state agency consultants, Dr. Astley's treatment notes predate the 2018 MRI showing end stage osteoarthritis.

At Step Four of the sequential analysis, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e). The RFC determination sets out an individual's work-related abilities despite his or her limitations. See 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). SSR 96-8p states that: "[t]he adjudicator must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." SSR 96-8P, 1996 WL 374184, (S.S.A. July 2, 1996). Factors to be considered include: medical history; medical signs and laboratory findings; the effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication); reports of daily activities; lay evidence; recorded observations; medical source statements; effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. SSR 96-8P.

Here, the ALJ considered the record evidence, including the MRI finding showing severe, end-stage osteoarthritis. He specifically discussed it in his decision. ECF Doc. 12 at 21. But the MRI finding, in and of itself, did not establish that Lumpkin's RFC should have been limited to sedentary work. After noting the October 2018 MRI finding, the ALJ cited a December 2018 treatment note in which Lumpkin's physician found that she had no instability and her sensory was intact to light touch. The physician also recommended Lumpkin continue conservative treatment for her hip at that time. ECF Doc. 12 at 722. The ALJ cited this in his decision. ECF Doc. 12 at 21. These cited records were evidence that, despite the MRI finding of severe osteoarthritis in her right hip, Lumpkin was still able to function. ECF Doc. 12 at 21.

Even though the MRI report may have suggested that Lumpkin was unable to perform work at the light level, it was not enough for her to simply cite the report as proof of her inability to function. "[N]ot every diagnosable impairment is disabling." *Merrill v. Colvin,* No. 2:14-cv-262, 2015 U.S. Dist. LEXIS 48297 (S.D. Ohio April 12, 2015), citing *Lee v. Comm'r of Soc. Sec*., 529 F. App'x 706, 713 (6th Cir. 2013). Disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it. *Hill v. Comm'r of Soc. Sec*., 560 F. App'x 547, 551 (6th Cir. 2014). It is plaintiff's burden to prove the severity of her impairments, and to provide evidence establishing her RFC. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *Osborn v. Comm'r of Soc. Sec.,* No. 14-CV-10832, 2015 U.S. Dist. LEXIS 19860 (E. D. Mich. Feb. 18, 2015). Here, Lumpkin had the burden to establish that she was unable to function at the light exertional level. Her diagnosis of end stage osteoarthritis (although seemingly suggestive of a functional disability) was not irrefutable proof that she was unable to function at the light exertional level.

Lumpkin *did* point to more evidence than the MRI to support her argument that she was not capable of performing work at the light exertional level. In conjunction with her MRI findings, Lumpkin has cited Dr. Astley's "opinion" and her own testimony to support her inability to sustain light level work. As already noted, Dr. Astley's treatment notes appear to contain Lumpkin's own self-report of her abilities, rather than a treating physician's opinion.

As to Lumpkin's subjective statements, both from the treatment notes and the administrative hearing, the ALJ was not required to accept her statements regarding her ability to function. An ALJ is not required to accept a claimant's subjective symptom complaints and may properly discount the claimant's testimony about her symptoms when it is inconsistent with other evidence. *See Jones v. Comm'r of Soc. Sec*., 336 F.3d 469, 475-76 (6th Cir. 2003); SSR 16-3p,

2016 SSR LEXIS 4 *15 (Oct. 25, 2017) ("We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and the other evidence."). In evaluating a claimant's subjective symptom complaints, an ALJ may consider several factors, including the claimant's daily activities, the nature of the claimant's symptoms, the claimant's efforts to alleviate her symptoms, the type and efficacy of any treatment, and any other factors concerning the claimant's functional limitations and restrictions. SSR 16-3p, 2016 SSR LEXIS 4 *15-19; 20 C.F.R. § 404.1529(c)(3), 20 C.F.R. § 416.929(c)(3); *see also Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) (stating that an ALJ properly considered a claimant's ability to perform day-to-day activities in determining whether his testimony regarding his pain was credible).

Here, the ALJ properly compared Lumpkin's subjective statements regarding the limiting effects of her symptoms and found that they were not entirely consistent with the record evidence as a whole. After reciting medical evidence related to Lumpkin's hip, the ALJ noted:

> However, the physical exam notes also indicate she had 5/5 upper and lower extremity strength, negative straight leg raise, and full cervical range of motion (5F/42). The notes also indicate that the claimant continues to pursue a conservative management of her hip pain, and that a hip arthroplasty is possible in the future, but also indicate she exhibited no instability on exam. (5F/24, 33).

ECF Doc. 12 at 21. These treatment notes cited by the ALJ, which reflect that Lumpkin had no instability and was continuing with conservative treatment, were from December 2018 — *after* the MRI showed end-stage osteoarthritis. They were evidence that Lumpkin was functioning at a higher level than might be expected after her end-stage osteoarthritis had been diagnosed. It was not improper for the ALJ to compare Lumpkin's subjective statements to this evidence.

The ALJ's assessment of Lumpkin's subjective statements "must be accorded great weight and deference." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). (*citing Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997); *see also, Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew. If the ALJ's determination is supported by substantial evidence, it must stand. Here, the ALJ concluded that Lumpkin's subjective allegations were not entirely consistent with other record evidence, which he cited in his decision. Because the ALJ's decision to discount Lumpkin's subjective statements was consistent with the proper legal standard and supported by substantial evidence, it must be affirmed.

In reaching his conclusions as to the severity of Lumpkin's impairments and her RFC, the ALJ considered all of the record evidence — including medical opinions, treatment notes and Lumpkin's subjective statements. ECF Doc. 12 at 19. Because the ALJ properly applied the relevant regulations, and because his resulting conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision, even if Lumpkin is correct that the evidence could have supported a contrary conclusion. *See Jones v. Comm'r of Soc. Sec*., 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."). After conducting a *de novo* review as to those portions of the R&R to which Lumpkin objected, the Court agrees with Magistrate Judge Henderson's recommendation that the Commissioner's decision be affirmed.

## IV. Conclusion

For the reasons discussed above, the Court overrules Lumpkin's objections to the R&R, which is hereby adopted. Because the Commissioner's decision to deny SSI and DIB is supported by substantial evidence, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**IT IS SO ORDERED.**

Dated: October 27, 2021

*s/Dan Aaron Polster*
United States District Judge